UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMALL BUSINESS ADMINISTRATION,

    Plaintiff,

v.                                                                                Case No.  8:13-cv-388-T-30AEP

KEVIN G. HOLMES, *pro se*,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Small Business Administration's Motion for Summary Judgment (Dkt. 17).  Defendant Kevin G. Homes, who is now proceeding in this case *pro se*, did not file any response to Plaintiff's motion, despite the Court's September 17, 2013 extension.  Upon review of Plaintiff's motion and the record evidence, the Court concludes that Plaintiff is entitled to summary judgment.  Accordingly, final judgment will be entered in Plaintiff's favor.

## UNDISPUTED FACTS

Plaintiff Small Business Administration, an agency of the United States, filed the instant breach of contract action against Defendant Kevin G. Holmes based on Holmes' breach of a promissory note in the amount of $18,000.00.  Specifically, Holmes obtained a Small Business Administration Disaster Loan from the U.S. Department of Treasury in the amount of $18,000.00 for the cost of disaster repairs.  The promissory note accrued interest

at a rate of 3.187% per annum beginning in July of 2005, when Holmes defaulted on his payment obligation. The loan was made under Section 7(b) of the Small Business Act. The record reflects that Holmes never made any of the loan payments.

The record evidence demonstrates that Plaintiff is entitled to judgment in the amount of $26,040.55 ($18,000.00 in principal, $340.88 in interest at the rate of 3.187%, $6,239.67 for Civil Administration Costs for Account No. 2009A00453, and taxed costs and attorney's fees in the amount of $1,460.00).

## **STANDARD OF REVIEW**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the

motion. *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *See id.* At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. *See Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## **DISCUSSION**

*Based on the merits of Plaintiff's motion*, Plaintiff is entitled to summary judgment and a final judgment in the total amount of $26,040.55, as explained above. It is undisputed that Holmes executed the promissory note that is the subject of this action and the amount due on the note has not been paid. Notably, the note provides for the payment of costs and attorney's fees in the event of a default. Plaintiff requests costs in the amount of $40.00 and attorney's fees in the amount of $1,420.00 (for 7.1 hours of work at an hourly rate of $200.00). The Court concludes that these amounts are reasonable and awards costs and attorney's fees in the total amount of $1,460.00.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Small Business Administration's Motion for Summary Judgment (Dkt. 17) is GRANTED.

2. The Clerk of Court is directed to enter a final judgment in the amount of **$26,040.55** in favor of Plaintiff and against Defendant, for all of which sums let execution issue. The judgment shall bear interest at the federal statutory rate.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2013.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-388.msj.frm